Citation Nr: 1513860 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 04-05 802 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for substance abuse to include as secondary to service-connected posttraumatic stress disorder (PTSD) with depression. 


ATTORNEY FOR THE BOARD

A. VanValkenburg, Associate Counsel


INTRODUCTION

The Veteran had active military service from August 1968 until August 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2003 rating decision issued by the Department of Veterans Affairs (VA)
Regional Office (RO) in Los Angeles, California, which in part denied service connection for drug and alcohol abuse. The matter has been recharacterized to better reflect the Veteran's contentions. 

The issue was previously remanded by the Board in February 2013 for additional development. The issues have since returned to the Board.

In a December 2013 correspondence, the Veteran's former representative withdrew as the Veteran's representative. 

The Board has not only reviewed the Veteran's physical claims file but also the electronic records maintained in the Virtual VA and VBMS systems to ensure complete review of the evidence of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board remanded the Veteran's claim in a February 2013 rating decision. The RO was instructed to provide the Veteran proper notice regarding how to establish his substance abuse claim, provide him an opportunity to identify any outstanding VA or non VA records relevant to his claim, associate updated VA treatment records with the file and afford the Veteran an appropriate VA examination to address the nature and etiology of any substance abuse. The Veteran was provided appropriate notification in a March 2014 letter, updated VA treatment records were associated with the claims file and the Veteran was afforded a September 2014 VA psychiatric examination. 

It was reported during the 2014 VA examination that the Veteran was not aware of a pending claim for secondary service connection and did not abuse any substances at the time of the examination. On Remand, the RO must seek clarification as to whether the Veteran wishes to pursue a service connection claim for substance abuse as secondary to service connected PTSD with depression. 

The 2014 VA examiner found the Veteran did not have a current diagnosis of substance abuse and that a VA opinion was not needed. However, there was no discussion regarding the significance, if any, of ongoing diagnoses of a "history of" substance abuse from the treatment records or the documented drug use relapse. See e.g., February 3, 2005 VA psychiatric bipolar intake clinic note treatment record with a report of a six month relapse. Though the Veteran reported he had been he had been "clean and sober" since May 2001, he admitted to marijuana use in February 2002 and was arrested for drug possession in May 2002. See e.g., January 15, 2002, February 19, 2002 and August 12, 2003 VA treatment records. 

While the 2014 examination suggests that the Veteran does currently have a substance abuse condition, the Court has held that the requirement for service connection that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim even though the disability resolves prior to the Secretary's adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). The record reflects that the Veteran filed the claim on appeal in January 2003. Therefore, an opinion is necessary to determine if the Veteran has had a substance abuse disability at any time since January 2003 and, if so, whether such disability is secondary to his service-connected psychiatric disorder. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and clarify whether the Veteran wishes to pursue a service connection claim for substance abuse as secondary to service connected PTSD with depression. If the Veteran's wishes to withdraw his appeal, advise him that the withdrawal must be in writing. See 38 C.F.R. § 20.204 (withdrawal of an issue on appeal must be in writing). 

2. After the above development has been completed, and if the Veteran wishes to pursue a claim for substance abuse to include as secondary to PTSD with depression, schedule the Veteran for a VA examination to determine the nature and etiology of his claimed substance abuse. The examiner must review the claims file and should note that review in the report. Any indicated evaluations, studies, and tests should be conducted.

Based on examination findings and a review of the record, to include the medical and lay evidence, the VA examiner should provide written responses to the following inquiries:

(a) indicate whether the Veteran has a current diagnosis of substance abuse or has had a substance abuse disorder at any time since January 2003.

(b) if the Veteran has a current substance abuse disorder, or has had such disorder at any time since January 2003, please provide an opinion as to whether it is at least as likely as not (50% probability or greater) that the substance abuse disorder was caused or aggravated by his service-connected PTSD with depression.

A complete explanation must be given for all opinions and conclusions expressed. Reconcile any conflicting evidence of record. 

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).